W. G. ROOT CONSTRUCTION COMPANY, PLAINTIFF AND APPELLANT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY ET AL., DEFENDANTS AND RESPONDENTS.

Argued November 7, 1913—Decided March 16, 1914.

A construction company contracted with Atlantic City to build a sewer, and agreed with the city, at its own expense, to take care of and support the railroad tracks and signal system in the streets under which the sewer was to be constructed. The construction company, in order to carry out promptly its contract with the city, made an agreement with the railroad company whereby the latter should without delay do such work of caring for and supporting such tracks and signal system at the expense of the construction company, and the city agreed to indemnify the railroad company against loss or damage by reason of the construction of the sewer. The railroad company did the work promptly. *Held*, that the railroad company could recover from the construction company for the value of such work against an objection that the contract was without consideration.

On appeal from the Supreme Court.

For the appellant, *Wilson & Carr.*

For the West Jersey and Seashore Railroad Company, *Walter H. Bacon.*

For Atlantic City, *Charles C. Babcock.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff, a construction company, contracted with Atlantic City to build a sewer in certain streets. The contract provided that the construction company should, at its own expense, take care of and support railroad tracks and other structures in the streets. The performance of the work required that the sewer be built and extended under the tracks of the West Jersey and Seashore Railroad Company at the Baltic avenue crossing. This made necessary

caring for and safeguarding the tracks and interlocking signal system of the railroad. In order to expedite the work, the construction company agreed with the railroad company that the latter should do this work and render bills therefor to the construction company, and Atlantic City entered into an agreement with the railroad company to indemnify the latter against loss or damage by reason of the construction of the sewer. The railroad company did the work promptly and rendered bills monthly amounting to $12,001.26, and such bills were paid monthly by the construction company to the amount of $10,667.43, leaving a balance of $1,333.83. Meanwhile the railroad company had employed the construction company to do for it sundry work to the amount of $2,428.12, and had paid in cash on account thereof the sum of $676.05, leaving due a balance of $1,752.07. The railroad company desired to credit its claim of $1,333.83 against this balance. The construction company refused to allow the credit and brought this suit.

In its answer the railroad company admitted the correctness of the plaintiff's claim for $1,752.07 and allowed judgment to be entered against it for the difference between that sum and $1,333.83, and has paid the judgment.

By way of counter claim, the railroad company demanded the sum of $1,333.83, the balance due from the construction company on its contract to pay the railroad company for its work in caring for and safeguarding the tracks and signal system at Baltic avenue, and having brought in Atlantic City as a defendant, in the alternative, claimed the same from Atlantic City.

The trial judge, at the Atlantic Circuit, sitting without a jury, rendered judgment in favor of the railroad company and against the construction company for costs, and in favor of Atlantic City and against the railroad company for costs; whereupon the construction company appealed from the first named judgment and the railroad company appealed from the second.

We are of the opinion that both judgments must be affirmed.

NOVEMBER TERM, 1913. 647

56 Vroom. Root Const'n Co. v. W. J. & S. R. R. Co.

The sole contention of the construction company is that there was no consideration for its contract to pay the railroad company for its work in caring for and safeguarding the railroad tracks and signal system.

In support of this contention it is argued that the railroad company was obliged by law to do this work, and hence the contract with the construction company was void for want of consideration.

We do not find it necessary to determine whether, as between the city and the railroad company, the latter was bound to do the work, for the consideration for the contract in question does not involve the negative of that proposition.

The correspondence between the parties disclosed the situation to have been this: the construction company said to the railroad company, in effect, we want to get under your tracks *without delay* in order to carry out *promptly our contract with the city,* and so will you, *without delay,* and at our expense, do the work of caring for the tracks, &c., which we contracted with the city to do at our own expense?

Now it is to be observed that the city did not attempt to cast the burden of expense of this work upon the railroad company. That burden it cast upon the construction company and the latter assumed it by its contract. It is at least doubtful whether, in such circumstances, the construction company could compel the railroad company to do the work at its own expense. And it is quite certain that an attempt so to do would have resulted in litigation and delay, for it is to be noticed that the construction company was in the situation of a member of the general public and without direct means of its own to specifically enforce performance.

Under these circumstances, the assent by the railroad company to the proposition of the construction company resulted in an agreement settling, as between the parties to it, their rights concerning the expense of this work, and since it enabled the construction company to complete promptly its contract with the city without delay and litigation, it had such value to the construction company as to furnish consideration

for its reciprocal stipulations. With the adequacy of that consideration we are not in this action concerned. *Raritan River Railroad Co.* v. *Traction Company,* 41 *Vroom* 732, 737.

Our conclusion, therefore, is that the judgment in favor of the railroad company was right. It is not only legal, but it is equitable, because, presumably, the construction company has received from Atlantic City moneys for which it had performed no service.

The railroad company having claimed against either the construction company or the city, in the alternative, and having succeeded in having affirmed its judgment against the construction company on appeal, the judgment in favor of the city must also be affirmed.

Both judgments will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ. 13.

*For reversal*—None.